**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CHELSEA L. DIAZ (SBN 271859)
cdiaz@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
BLUESTEM BRANDS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH WILLIAMS,<br><br>         Plaintiff,<br><br>v.<br><br>BLUESTEM BRANDS, INC. dba Fingerhut, and DOES 1 through 10, inclusive<br><br>         Defendant(s). | Case No.<br><br>**DEFENDANT BLUESTEM BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>[*Filed concurrently with: (1) Civil Case Cover Sheet; and (2) Certificate of Interested Entities or Persons*]<br><br>[Monterey Superior Court Limited Jurisdiction Case No.: 16CV001451]<br><br>Complaint Filed: May 13, 2016<br>Trial:               TBD |

DOLL AMIR & ELEY LLP

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** defendant Bluestem Brands, Inc. ("Bluestem"), incorrectly named in the Complaint as "Bluestem Brands, Inc. dba Fingerhut," hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

1.   Bluestem specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Ruth Williams ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227.  Further, the Court has supplemental jurisdiction over the state law cause of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2.   On May 13, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Monterey, designated as Case Number 16cv001451 (the "Action").  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Bluestem in this case is attached hereto as *Exhibit A*.

3.   Plaintiff asserts two (2) causes of action in her Complaint against Bluestem.  Those causes of action include: (1) violation of the TCPA; and (2) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal Civ. Code § 1788.1, *et seq*.

**C.   BASIS FOR REMOVAL**

4.   This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

5. Specifically, for example, Plaintiff's Complaint alleges that "[w]ithin four years prior to the filing of this action, on multiple occasions, [Bluestem] willfully and/or knowingly contact Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, [Bluestem] knowingly and/or willfully violated the TCPA." *See* Ex. A, Complaint, ¶ 28(b). Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law. Thus, this Action is one which may be removed to this Court by Bluestem pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

6. Additionally, this Court has supplemental jurisdiction over the remaining state law claims, because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). The facts related to Plaintiff's state law claim under the RFDCPA are intertwined with and based upon her allegations of wrongdoing under the federal TCPA claim in that both claims are based on allegedly unlawful calls by Bluestem to Plaintiff. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claim.

D. **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7. Removal of this action is timely. Bluestem was served with the Complaint in this Action on May 23, 2016. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant . . . of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

8. Bluestem is the only named Defendant in the action and therefore no

consent of additional parties is required.

9. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1446(a) because the Action was filed in this District.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Bluestem in the Action are attached hereto as *Exhibit A*.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Bluestem will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Monterey.

**WHEREFORE** Bluestem prays that the above Action now pending against it in the Superior Court of the State of California, County of Monterey, be removed therefrom to this Court.

DATED: June 21, 2016            **DOLL AMIR & ELEY LLP**

By: */s/ Chelsea L. Diaz*          .
    HUNTER R. ELEY
    CHELSEA L. DIAZ
Attorneys for Defendant,
BLUESTEM BRANDS, INC.

# EXHIBIT A

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/13/2016 3:33:55 PM
By: Janet Nicholson, Deputy

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
T: (800) 219-3577
F:(323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
RUTH WILLIAMS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MONTEREY

LIMITED JURISDICTION

| | |
|---|---|
| RUTH WILLIAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLUESTEM BRANDS, INC. dba FINGERHUT, and DOES 1 through 10, inclusive,<br><br>　　　　Defendant(s). | Case No.:　　16CV001451<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br><br>**(AMOUNT NOT TO EXCEED $10,000)** |

### COMPLAINT FOR DAMAGES

#### INTRODUCTION

1.　　Ruth Williams ("Plaintiff") brings this action to secure redress from Bluestem Brands, Inc. dba Fingerhut ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

///

## PARTIES

2.  Plaintiff Ruth Williams ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Carmel, in Monterey County, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3.  At all relevant times herein, Defendant, Bluestem Brands, Inc. dba Fingerhut (hereinafter "Defendant"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5.  Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6.  At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (844) 786-6550. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

7.  Within one year prior to the filing of this action, on or around March of 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -3090 to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person.

8.  This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

9. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

10. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency of attempted communications with Plaintiff evidence Defendant's intent to harass Plaintiff.

11. As an illustrative example (and not one of limitation), Defendant contacted or attempted to contact Plaintiff on the following dates: March 3, 2016 at 7:25 a.m. and 12:31 p.m.

12. Plaintiff does not owe the alleged debt Defendant is attempting to collect. Plaintiff is not legally associated with the alleged debt Defendant is attempting to collect. Defendant is calling for another person, not Plaintiff.

13. Plaintiff has informed Defendant that Plaintiff does not owe the alleged debt and it is contacting the wrong person, but Defendant continued to call.

14. Defendant has also contacted Plaintiff prior to 8 am., local time, which is prohibited by California law.

15. The natural and probable consequences of Defendant's conduct were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

16. Furthermore, at all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

17. At all times relevant to this action, and on or around March of 2016, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

18. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

19. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

20. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

21. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

22. Defendant is not a tax-exempt nonprofit organization.

23. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

   (b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

   (c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

      (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(1) by communicating with a consumer in connection with the collection f any

debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by attempting to collect an amount not legally owed; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h)    For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: April 4, 2016

_____
Paul Mankin, Esq.
Attorney for Plaintiff

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Bluestem Brands, Inc. dba Fingerhut, and DOES 1 through 10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Ruth Williams, | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 5/13/2016 3:33:55 PM<br>By: Janet Nicholson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Monterey County<br><br>1200 Aguajito Road<br>Monterey, Ca 93940 | CASE NUMBER:<br>*(Número del Caso):* 16CV001451 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin, Esq., 4655 Cass St., Ste. 112, San Diego, Ca 92109, (800)219-3577

| DATE:<br>*(Fecha)* 05-13-2016 | TERESA A. RISI | Clerk, by<br>*(Secretario)* | /s/ Janet Nicholson | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>L. Paul Mankin (SBN 264038)<br>The Law Office of L. Paul Mankin<br>4655 Cass St., Ste.112<br>San Diego, CA 92109<br>TELEPHONE NO.: (800) 219-3577   FAX NO. *(Optional):* (323) 207-3885<br>E-MAIL ADDRESS *(Optional):* pmankin@paulmankin.com<br>ATTORNEY FOR *(Name):* Plaintiff, Ruth Williams | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey<br>STREET ADDRESS: 1200 Aguajito Road<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Monterey, 93940<br>BRANCH NAME: Monterey Courthouse | |
| PLAINTIFF/PETITIONER: Ruth Williams<br>DEFENDANT/RESPONDENT: Bluestem Brands, Inc. dba Fingerhut | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>16CV001451 |

TO *(insert name of party being served):* Defendant, Bluestem Brands, Inc. dba Fingerhut

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 17, 2016

Lee Paul Mankin
(TYPE OR PRINT NAME)                                    ▶ _____
                                                         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |